IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WAYNE STUART SOTH, JR. | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO.  ELH-15-601 |
| CHAIRMAN DAVID BLUMBERG, *et al*. | * | |
| Respondents. | | |
| | ***** | |

MEMORANDUM

On March 3, 2015, Wayne Stuart Soth, Jr., an inmate formerly housed at the Maryland Reception, Diagnostic and Classification Center ("MRDCC") in Baltimore, filed a petition for habeas corpus under 28 U.S.C. § 2241.  The action represents a challenge to Soth's arrest on a parole retake warrant and his continuing detention without a parole revocation hearing within 60 days from September 25, 2014.  ECF No. 1.  Soth requested immediate release from confinement.

On March 12, 2015, the Court directed respondents to respond.  ECF 3.  Respondents filed a court-ordered response, styled as a motion to dismiss, on May 6, 2015 (ECF 6), which remains unopposed as of today's date.[1]  The record filed by respondents shows that on February 3, 2015, Soth was released from confinement based upon the Maryland Parole Commission's recall of the retake warrant.  ECF 8-2, Hemler Aff.

Soth has been released from the Maryland Division of Correction ("DOC").  Therefore, his habeas corpus petition has been rendered moot, as Soth has received the relief he sought.

---

[1] In accordance with the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), Soth was notified on May 6, 2015, that defendants had filed a dispositive motion, which could result in dismissal of his case, and of his right to challenge the motion.  *See* ECF 9.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990). Parties must continue to have a "personal stake in the outcome" of a lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the complainant 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis,* 494 U.S. at 477).

Soth's release from DOC custody moots this action, as there is no habeas relief for the court to grant. *See Belasco v. Warden*, 156 Fed. Appx. 671, **1 (5th Cir. 2005); *see also Spencer*, 523 U.S. at 13-14 (habeas petitioners that are no longer in custody must demonstrate a concrete and continuing injury that is a collateral consequence of detention). Therefore, I shall grant respondents' motion to dismiss the petition.

The court declines to issue a certificate of appealability. A separate Order follows.

Date: May 28, 2015                                     /s/
                                              Ellen L. Hollander
                                              United States District Judge

2